**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JOHN WRIGHT,** **Plaintiff** | **No. 3:05cv2431** |
| v. | **(Judge Munley)** |
| **COR-RITE, INC.,** **Defendant** | |

## MEMORANDUM

Before the court for disposition is Defendant Cor-Rite, Inc.'s motion for summary judgment in this case involving allegations of age and disability discrimination in employment.  The motion is fully briefed and ripe for disposition.

**Background**

Plaintiff John Wright is a former employee of Cor-Rite, Inc where he began working in 1990.  (Doc. 17, Deposition of Plaintiff at 3)  He worked there until his termination in August 2004.  (Id. at 4).  At the relevant time, plaintiff was fifty-six (56) years of age.  Plaintiff asserts that he was terminated due to age and disability discrimination and filed a complaint with the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.  He received a right to sue letter and then instituted the instant complaint.[1]

The complaint asserts causes of action for:  1)  violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq.; 2) violation of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12101, et seq.; 3)violation of the Pennsylvania Human Relations Act, ("PHRA"), 43 PENN. STAT. § 955(a); intentional infliction of emotional

---

[1]The facts are discussed more particularly below where appropriate.

distress; and wrongful discharge.  At the end of discovery, defendant filed the instant motion for summary judgment.

**Jurisdiction**

As this case is brought pursuant to the ADA and the ADEA for unlawful employment discrimination, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  We have supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Standard of review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986) (emphasis in original).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the non-moving party.  Anderson, 477 U.S. at 248

(1986). A fact is material when it might affect the outcome of the suit under the governing law. Id. Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

**Discussion**

Defendant moves for summary judgment on plaintiff's age and disability discrimination claims arguing that plaintiff has absolutely no evidence to support his claims. Defendant also moves for summary judgment on plaintiff's state law claims. We will discuss each separately.[2]

**I. Age Discrimination**

In order to establish an age discrimination claim, a plaintiff must demonstrate: (I) the plaintiff was at least 40 years old; (ii) he or she suffered an adverse employment decision; (iii) he or she is qualified for the position; and (iv) the employer gave more favorable treatment to an employee who is sufficiently younger to permit an inference of age discrimination. Tomasso v. Boeing Co., 445 F.3d 702, 706 n. 4 (3d Cir.2006). Plaintiff must satisfy all four elements. Fakete v. Aetna, Inc.,

---

[2]The PHRA generally utilizes the same analysis as its federal counterparts. Kelly v. Drexel Univ., 94 F.3d 102, 104 (3d Cir.1996) Therefore our analysis of the ADA and ADEA claims will apply equally to plaintiff's PHRA claims.

3

308 F.3d 335, 338 n. 3 (3d Cir.2002).

Once a *prima facie* case of age discrimination is established, the burden of production shifts to the defendant to provide evidence of a legitimate, nondiscriminatory reason for its adverse employment action. Finally, the burden of production shifts back to the plaintiff to proffer evidence from which a factfinder reasonably could (1) disbelieve the employer's articulated legitimate reason, or (2) conclude that age discrimination was more likely than not the true motivation behind the employer's action. Showalter v. Univ. of Pittsburgh Med. Ctr., 190 F.3d 231, 234-35 (3d Cir.1999).

Apparently conceding the existence of a *prima facie* case for the purposes of this motion, the defendant asserts that it provided a legitimate non-discriminatory reason for the discharge. This legitimate non-discriminatory reason involves budgetary concerns -- the defendant could no longer afford to pay the plaintiff's salary. Defendant asserts that plaintiff has provided no evidence to counter this reason with respect to age discrimination. After a careful review, we agree.

In his deposition, plaintiff indicated that his proof of age discrimination is that younger people can be paid less. (Doc. 17, Deposition of Plaintiff at 27). He further admitted that no other individual holding the same position as he did was paid as much as plaintiff. (Id. at 28-29). An employer can take into account a high salary in determining whether to terminate an employee because such a decision is not necessarily "age based." Hazen Paper Co. v. Biggins, 507 U.S. 604, 113 S.Ct. 1701, 123 L.Ed.2d 338 (1993) cited in Bernhard v. Nexstar Broadcasting Group, Inc.,146 Fed. Appx. 582, 585 (3d Cir. 2005).

Plaintiff further indicated in his deposition testimony that no comments were ever made about his age while he was working for the defendant. (Doc. 17, Deposition of Plaintiff at 27). Plaintiff has thus not provided sufficient evidence to counter defendant's proferred legitimate non-discriminatory reason for the discharge. He has not presented any evidence that the financial reason was necessarily tied to the plaintiff's age or that there is reason to disbelieve the proferred reason. Summary judgment in favor of the defendant with regard to age discrimination is therefore appropriate.

**II Disability discrimination**

Next, defendant challenges plaintiff's disability discrimination claim. The ADA's purpose is to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities...." 42 U.S.C.A. § 12101 (b)(1).

Under the ADA, an employer cannot discriminate against a qualified individual with a disability because of his disability in regard to his employment. 42 U.S.C.A. § 12112 (a). Further, an employer must make reasonable accommodations to known physical or mental limitations of an otherwise qualified employee with a disability unless such employer can demonstrate the accommodation would impose an undue hardship on the operation of the employer's business. Id.

Under the law, the plaintiff has the initial burden in an ADA case of establishing a *prima facie* case. Olson v. General Elec. Astrospace, 101 F.3d 947, 951 (3rd Cir. 1996); Newman v. GHS Osteopahtic, Inc., 60 F.3d 153, 157 (3rd Cir. 1995). A *prima facie* case is established by the plaintiff when he demonstrates: 1)he is a disabled person within the meaning of the

5

ADA; 2)he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and 3) he has suffered an otherwise adverse employment decision as a result of discrimination.  Shiring v. Runyon, 90 F.3d 827, 831 (3rd Cir. 1996);   Gaul v. Lucent Technologies, 134 F.3d 576, 580 (3rd Cir. 1998).  Once a *prima facie* case is established, the burden shifting analysis discussed above with regard to the age discrimination applies.

In the instant case, plaintiff claims that he suffers from two disabilities, alcoholism and ataxia.  We will address each separately.

A. Alcoholism

Judgment will be granted to the defendant on plaintiff's claim of disability discrimination because of his alcoholism.  He has not presented any evidence that he was terminated due to this disability.  In fact, in his deposition, plaintiff indicated that he has never been treated by a rehabilitation facility for alcoholism and has never been under a physician's care for alcohol-related problems.  (Doc. 17, Deposition of Plaintiff at 12). He simply claims that his doctor suggested to him that he was an alcoholic. (Id. at 12).   No one at work ever told him that his alcoholism was affecting his work performance, and he never asked for a leave of absence for alcoholism. (Pl. Dep. at 30).   Plaintiff has simply not presented any evidence that discrimination based upon alcoholism was the reason for his termination.

B. Ataxia

Plaintiff also suffers from ataxia, which is nerve damage to his legs and which affects his walking.  (Doc. 17, Deposition of Plaintiff at 5). Defendant also challenges plaintiff's claim of disability discrimination with

regard to ataxia.

As explained above, to establish a prima facie case of discrimination under the ADA, a plaintiff must show "(1) he is a disabled person within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) he has suffered an otherwise adverse employment decision as a result of discrimination."  Williams v. Philadelphia Housing Auth., 380 F.3d 751, 762 (3d Cir. 2004)(internal quotation marks and citation omitted).

With regard to the instant motion, defendant does not dispute that the plaintiff is disabled by ataxia within the meaning of the ADA or whether he is otherwise qualified to perform the essential functions of the job with or without reasonable accommodations.  For the third prong, plaintiff has presented evidence that the adverse employment decision was a result of discrimination.  Michael Tillson, the plant manager indicated to the plaintiff's son that the reason they fired plaintiff was because they needed "someone who could move around better." (Doc. 25-5, Pl. Ex. D, Affdavit of John Wright, Jr., at ¶ 19).  When viewed in the light most favorable to the plaintiff this evidence is sufficient to meet the *prima facie* case of discrimination.  It can be inferred that the reason that plaintiff could not "move around better" was because of his problems walking caused by ataxia.  Because the *prima facie* case has been met, we must apply the burden shifting analysis as described above.  See Raytheon Co. v. Hernandez, 540 U.S. 44, 50 n.3 (2003).

Again, the legitimate non-discriminatory reason provided by the defendant is that it terminated plaintiff's employment due to budgetary

7

concerns. Plaintiff has submitted sufficient evidence to cast doubt upon this reason. First, there is the testimony above of the defendant needing someone who could move better. Second, the newspaper advertisement seeking a replacement for the plaintiff indicated that "quickness" was a requirement of the job. (Doc. 25-17, Plaintiff's Ex. O).

Accordingly, we find that summary judgment is inappropriate with regard to the ataxia disability discrimination claim.

Defendant seeks summary judgment solely on the basis that plaintiff never requested a job accommodation with which the employer did not comply. We are unconvinced with the factual predicate of this argument or the legal relevance.

In 2004, plaintiff sought an accommodation from his employer. He asked his employer if he could walk around the morning to get his "legs started." (Doc. 17, Deposition of Plaintiff at 16-17). This accommodation was evidently granted.

This request, however, was not the only accommodation sought by the plaintiff. At the time of his discharge, plaintiff's job entailed working on a saw, cutting paper. (Id. at 24). He would be on his feet all day standing, which he can do with no problem as opposed to walking, which bothers him. (Id.). Plaintiff's job involved little walking. He had to walk to get the paper that he was to cut, but only several steps. If he had no helper he would have to walk around the table to stack what he cut. (Id. at 25). In 2003 and 2004, William "Billy" Wright, one of plaintiff's supervisors at the plant would drop off the paper that plaintiff was to cut in an area that was far away from where he was cutting. It was difficult for plaintiff to retrieve the paper due to his walking problem. (Id. at 31-32). Plaintiff complained

about the problem and requested that the paper be moved to where he wanted it.  Wright would comply, temporarily, but then return to leaving the paper far away until plaintiff complained again.  (Id. at 32).  Plaintiff cites to this as evidence of an accommodation that he requested that he never received.   We agree.

Merely because plaintiff did not term this situation as an "accommodation" request, does not mean that it was not one.  "The law does not require any formal mechanism or 'magic words' to notify an employer . . . that an employee needs an accommodation."  Conneen v. MBNA America Bank, N.A., 334 F.3d 318, 332 (3d Cir. 2003).  Plaintiff asserts that because of his difficulty walking he needed the paper placed closer to his workstation – that is clearly an accommodation request.  Defendant did not fully comply with this request.

When the evidence is viewed in the light most favorable to the plaintiff, as we must view it in the context of summary judgment, it demonstrates that the defendant discriminated against the plaintiff based upon disability. The defendant cannot terminate plaintiff based upon his disability and then defend that decision by asserting that they met all the accommodations requests that plaintiff made.  If the plaintiff was working too slowly due to his disability, it was the employer's duty to make a reasonable accommodation unless such accommodation would impose an undue hardship on the employer.  Id. at 329.

Accordingly, summary judgment will be denied with regard to the claim of disability discrimination based upon ataxia.

**III. State law claims**

Plaintiff's complaint also contains two state law causes of action, intentional infliction of emotional distress and wrongful discharge. Defendant asserts that these claims are subsumed by the plaintiff's PHRA claims. We agree with regard to the wrongful discharge claim but not with regard to the intentional infliction of emotional distress claim.

Wrongful discharge actions based upon disability discrimination are not recognized under Pennsylvania law because they are covered by the PHRA. Murray v. Commercial Union Ins. Co., 782 F.2d 432, 436-37 (3d Cir. 1986). The interests protected by the tort of wrongful discharge are covered by the PHRA; therefore, a separate tort cause of action is not permitted. Id.

The analysis is different with regard to intentional infliction of emotional distress. "[T]he interests protected by the PHRA and the tort of intentional infliction of emotional distress are 'fundamentally different,' the PHRA cannot be held to supplant a cause of action for intentional infliction of emotional distress." Fawcett v. IDS Financial, Civ.A. No. 85-853, 1986 WL 9877 (W.D. Pa. Jan. 7, 1986) (citing Shaffer v. Nat'l Can Corp., 565 F. Supp. 909, 914 (E.D. Pa. 1983)) see also Rudas v. Nationwide Mut. Ins. Co., No. 96-5987, 1997 WL 11302, *4 n.6 (E.D.Pa. Jan. 10, 1997) (explaining that emotion distress claims are not precluded by the PHRA). Therefore, we will not dismiss the claim for intentional infliction of emotional distress on that basis.

**Conclusion**

For the foregoing reasons, the defendant's motion for summary judgment will be denied with respect to the ataxia disability discrimination

and intentional infliction of emotional distress claim.  The motion will be granted with respect to the age discrimination claim, the alcoholism disability claim and wrongful discharge claim.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN WRIGHT,** | : | No. 3:05cv2431 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **COR-RITE, INC.,** | : | |
| Defendant | : | |

## ORDER

**AND NOW**, to wit, this 2nd day of October, the defendant's motion for summary judgment (Doc. 14) is **GRANTED** in part and **DENIED** in part. It is granted with respect to the claims of age discrimination, disability discrimination (alcoholism) and wrongful discharge. It is **DENIED** with respect to the claim of disability discrimination (ataxia) and intentional infliction of emotional distress.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

12